UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-                         1:03-CR-92
                                              (LEK)

EDWARD HARTERY,

                      Defendant.

_____

## MEMORANDUM-DECISION AND ORDER

### I.    Background

On June 9, 2004, pursuant to a written plea agreement, Defendant Edward Hartery ("Defendant") pled guilty to a single count Indictment charging him with violations of 18 U.S.C. §§ 922(g) and 924(a)(2).  Plea (Dkt. No. 37).  At the December 2, 2004 sentencing, the Court found the Total Offense Level to be 23, the Criminal History Category to be IV, and the Sentencing Guidelines imprisonment range to be seventy to eighty-seven months.  Minute Entry (Dkt. No. 45) at 2.  The Court also found that the combination of unique circumstances warranted a downward departure in this case, and sentenced Defendant to a term of thirty-five months imprisonment, to be followed by three years of supervised release.  Id. at 1-2.  At that time, the Court indicated that in the event the Sentencing Guidelines were found unconstitutional, Defendant would be sentenced to a term of twenty-four months.  Id. at 5.

Defendant appealed his judgment of conviction to the Court of Appeals for the Second Circuit, and he moved, with the United States' consent, to remand the case to this Court for consideration of resentencing.  Mandate (Dkt. No. 66).  The Court of Appeals granted that motion in light of United States v. Booker, 125 S.Ct. 738 (2005), and United States v. Fagans, 406 F.3d 138

1

(2d Cir. 2005).  Because Defendant preserved for appellate review the error in applying the

Sentencing Guidelines mandatorily, the Second Circuit remanded the case to this Court, with

instructions to vacate the sentence and resentence Defendant in conformity with Booker.  Id.

Pursuant to the mandate, the sentence previously imposed upon Defendant is hereby vacated,

and for the following reasons, the Court imposes a sentence of twenty-four months imprisonment

followed by three years of supervised release.  As this sentence is a non-Guidelines sentence, this

written opinion is issued pursuant to 18 U.S.C. § 3553(c)(2) to explain with specificity the reasons

for imposing a sentence outside of the Guidelines range.

**II.    Discussion**

In Booker, the United States Supreme Court severed and excised 18 U.S.C. § 3553(b)(1), the

provision of the Sentencing Reform Act of 1984 ("SRA") mandating the application of the

Sentencing Guidelines, to remedy the Sixth Amendment violations contained within the SRA.

Booker, 125 S.Ct. at 756-57.  The Second Circuit provided considerable guidance to district courts

in United States v. Crosby, including the instruction that, when determining whether to resentence

and when resentencing, district courts are obligated to consider the Sentencing Guidelines in

conjunction with the other factors listed in 18 U.S.C. § 3553(a).  United States v. Crosby, 397 F.3d

103, 111 (2d Cir. 2005).  Although Crosby indicated that in most cases involving a procedural error

in imposing a sentence, the case would be remanded to allow the sentencing judge to determine

whether to resentence under the currently applicable requirements, the Second Circuit in Fagans

held that when a defendant properly preserved his objection to the compulsory imposition of a

Guidelines sentence, the case would be remanded with instructions to vacate the original sentence

and resentence in conformity with Booker and Fagans.  Fagans, 406 F.3d at 142.

2

Since the issuance of the Second Circuit's mandate in this case, the Court has reviewed all pertinent information, including, but not limited to, the Presentence Investigation Report; submissions presented by counsel subsequent to remand by the Second Circuit; the overall sentencing factors outlined in 18 U.S.C. § 3553; the Sentencing Guidelines range, which the Court again adopts as set forth and scored in the Presentence Investigation Report; and relevant case law, specifically <u>Booker</u>, <u>Fanfan</u>, <u>Crosby</u>, and <u>Fagans</u>.  The Court makes all findings now as it did at the original sentencing.

For the same reasons that justified a departure in the original sentence, the Court imposes a non-Guidelines sentence of twenty-four months.  First, the Criminal History Category of IV over represented the seriousness of the Defendant's past criminal record, specifically due to the time frame of the prior felony offenses.  Second, while the Court believes that Defendant is not eligible for a decrease in the Total Offense Level under section 2K2.1(b)(2), the Court does agree with Defendant regarding "Lesser Harms", in that Defendant did not unlawfully discharge any weapon and did use such weapons solely for hunting purposes.  Further, the weapons were purchased lawfully by an individual other than Defendant.  Lastly, at the time of sentencing  the defendant had demonstrated a favorable adjustment to pretrial supervision over the course of twenty-one months.

All of these factors, taken into consideration with relevant statutory requirements and case law, warrant a sentence of twenty-four months imprisonment, followed by three years of supervised release.

**III.   Conclusion**

Based on the foregoing discussion, it is hereby

ORDERED, that Defendant Edward Hartery is resentenced to a term of twenty-four months

3

imprisonment and three years of supervised release; and it is further

ORDERED, that the Clerk serve a copy of this order on all parties.

DATED:   August 03, 2005
Albany, New York

Lawrence E. Kahn
U.S. District Judge